## IN THE UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TIMOTHY THOMAS** ) | |
| ) | **Civil Action No.** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **TRANS UNION, LLC, EXPERIAN** ) | |
| **INFORMATION SOLUTIONS, INC.,** ) | |
| **EQUIFAX INFORMATION** ) | |
| **SERVICES LLC, LJ ROSS** ) | |
| **ASSOCIATES, INC. AND** ) | |
| **TRANSWORLD SYSTEMS, INC.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## COMPLAINT

### PRELIMINARY STATEMENT

1.      This is an action for damages brought by individual consumer, Timothy Thomas,

against Defendants for violations of the Fair Credit Reporting Act (hereinafter the "FCRA"), 15

U.S.C. §§ 1681, *et seq*. and Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15

U.S.C. § 1692, *et seq*.

### THE PARTIES

2.      Plaintiff Timothy Thomas is an adult individual residing in Fayetteville, NC.

3.      Defendant, Trans Union, LLC (hereafter "Trans Union"), is a business entity

which regularly conducts business in the Eastern District of Pennsylvania and which has a

principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

4.      Defendant, Experian Information Solutions, Inc., (hereafter "Experian") is a

business entity which regularly conducts business in the Eastern District of Pennsylvania and

which has a principal place of business located at 4 Gatehill Drive, 3rd Floor, Parsippany, NJ 07054.

5.      Defendant Equifax Information Services LLC (hereafter "Equifax") is a business entity which regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 815 E. Gate Drive, Suite 102, Mount Laurel, NJ 08054.

6.      Defendant, LJ Ross Associates, Inc. (hereafter "LJ Ross") is a business entity which regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 4 Universal Way, Jackson, MI 49204. The principal purpose of Defendant is the collection of debts already in default using mail and telephone, and Defendant regularly attempts to collect said debt.

7.      Defendant, Transworld Systems, Inc. (hereafter "Transworld") is a business entity which regularly conducts business in the Eastern District of Pennsylvania and has a principal place of business located at 507 Prudential Road, Horsham**,** PA 19044. The principal purpose of Defendant is the collection of debts already in default using mail and telephone, and Defendant regularly attempts to collect said debt.

## JURISDICTION & VENUE

8.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and § 1692k(d) and 28 U.S.C. § 1331.

9.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

10.      At all pertinent times hereto, Defendant Transworld was hired to collect a debt relating to a debt owed by another consumer (hereafter the "debt").

11.     The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

12.     At all pertinent times hereto, Plaintiff was not responsible for the debt.

13.     Notwithstanding the above, Transworld has been falsely furnishing and/or reporting the information about the debt in connection with Plaintiff's credit history to credit reporting agencies including but not limited to Trans Union, Experian and Equifax when it knew or should have known that the debt did not belong to Plaintiff.

14.     Alternatively, due to Defendants Trans Union, Experian and Equifax's faulty procedures, Defendants Trans Union, Experian and Equifax mixed the credit file of Plaintiff and that of another consumer with respect to the debt and other personal identifying information.

15.     The debt negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

16.     Additionally, Defendant Experian has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information") since at least September 2014 through the present.

17.     The inaccurate information includes, but is not limited to, accounts with LJ Ross, Transworld, US BKPT CT GA Atlanta, Social Security Admin., Wells Fargo Dealer Services and personal information that does not belong to Plaintiff.

18.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.  The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff, and that actually belong to another consumer.

19.     Defendant Experian has likewise been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown.

20.     Further, Plaintiff has disputed the inaccurate information with Experian by following Experian's established procedures for disputing consumer credit information.

21.     Plaintiff has disputed the inaccurate information with Experian from September 2014 through the present.

22.     Notwithstanding Plaintiff's efforts, Experian has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Experian continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Experian has repeatedly published and disseminated consumer reports to such third parties from at least September 2014 through the present.

23.     Despite Plaintiff's efforts, Experian has never:  (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; or (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

24.     Despite Plaintiff's exhaustive efforts to date, Defendant Experian has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to report on the results of its reinvestigations to all credit

reporting agencies, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about the Plaintiff

25.     Notwithstanding Plaintiff's disputes, Defendant LJ Ross has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, has willfully continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the above accounts as disputed.

26.     Plaintiff's credit reports and file have been obtained from Defendants Trans Union, Experian and Equifax and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

27.      As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

28.     Defendants knew or should have known that their actions violated the FCRA and/or FDCPA.  Additionally, Defendants could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

29.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

30.     At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

31.     As a result of Defendants' conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, loss of income and benefits, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – EXPERIAN
## VIOLATIONS OF THE FCRA

32.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33.     At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

34.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

35.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

36.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant Experian is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e and 1681i.

37.     The conduct of Defendant Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that

are outlined more fully above and, as a result, Defendant Experian is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation.

## COUNT II – TRANS UNION AND EQUIFAX
## VIOLATIONS OF THE FCRA

38.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

39.     At all times pertinent hereto, Defendants Trans Union and Equifax were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

40.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

41.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

42.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants Trans Union and Equifax are liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b).

43.     The conduct of Defendants Trans Union and Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants Trans Union and Equifax are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT III – LJ ROSS
## VIOLATIONS OF THE FCRA

44.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

45.     At all times pertinent hereto Defendant LJ Ross was a "person" as that term defined by 15 U.S.C. § 1681a(b).

46.     Defendant LJ Ross violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

47.     Defendant LJ Ross conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendant LJ Ross is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## COUNT IV – TRANSWORLD
## VIOLATIONS OF THE FDCPA

48.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

49.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

50.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

51.     The above reporting of inaccurate information to credit reporting agencies by Defendant Transworld are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

52.    Defendant Transworld violated the FDCPA. Defendant Transworld violations include, but are not limited to, violations of U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10), and 1692f, as evidenced by the following conduct:

    (a)    The false representation of the amount, character or legal status of a debt;

    (b)    Communicating or threatening to communicate to any person credit information which is known or which should be known to be false; and

    (c)    Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt.

53.    Defendant Transworld's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

54.    As a result of the above violations of the FDCPA, Defendant Transworld is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## JURY TRIAL DEMAND

55.    Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

    (a)    Actual damages;

    (b)    Statutory damages;

    (c)    Punitive damages;

(d)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o and

1692k(a)(3); and

(e)     Such other and further relief as may be necessary, just and proper.


                                   **FRANCIS & MAILMAN, P.C.**


                        BY:    _/s/ Mark Mailman_____
                               MARK MAILMAN, ESQUIRE
                               GREGORY GORSKI, ESQUIRE
                               Land Title Building, 19th Floor
                               100 South Broad Street
                               Philadelphia, PA 19110
                               (215) 735-8600

                               Attorneys for Plaintiff


Dated: August 8, 2016